IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TI LU, #77017-112, | CIVIL NO. 22-00114 LEK-RT |
| Petitioner, | **DISMISSAL ORDER** |
| v. | |
| ESTELLA DERR, | |
| Respondent. | |

## DISMISSAL ORDER

Before the Court is pro se Petitioner Ti Lu's ("Lu") Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus ("Petition"). ECF No. 1. Lu alleges in the Petition that he "meets the criteria" for home confinement under the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, 134 Stat. 281 (2020) ("CARES Act"), and he asks the Court, among other things, to "[r]equire the Respondent to . . . [p]lace [him] on home confinement[.]" *Id.* at 1, 11. The Court has reviewed the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). For the following reasons, the Petition is DISMISSED without leave to amend.

## I.  BACKGROUND

In 2019, Lu pleaded guilty in the United States District Court for the Central District of California to conspiring to commit bank fraud, in violation of 18 U.S.C. § 1349.  *See* Plea Agreement for Defendant Ti Lu, *United States v. Lu*, No. Cr. 18-604 CJC-2 (C.D. Cal. Mar. 20, 2019), ECF No. 8.  Lu was sentenced to eighty-four months' imprisonment and three years of supervised release.  *See* Judgment and Probation/Commitment Order, *Lu*, No. Cr. 18-604 CJC-2 (C.D. Cal. Dec. 2, 2019), ECF No. 104.

Lu is currently in the custody of the Federal Bureau of Prisons ("BOP") at the Federal Detention Center in Honolulu, Hawaii ("FDC Honolulu").  *See* Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (enter "Ti" in "First" field and "Lu" in "Last" field; select "Search") (last visited Apr. 1, 2022).  The BOP's inmate locator reflects that Lu's projected release date is September 13, 2024.  *Id.*

The Court received the Petition on March 21, 2022, ECF No. 1, and the associated filing fee on March 28, 2022, ECF No. 4.  Lu alleges in the Petition that he meets the criteria set forth in a BOP policy memorandum for home confinement under the CARES Act (Ground One), ECF No. 1 at 4–5, but the BOP has not considered his eligibility in accordance with that BOP policy memorandum (Ground Two), *id.* at 6–7.  Lu therefore asks the Court, among other things, to "[r]equire the Respondent to . . . [p]lace [him] on home confinement[.]"  *Id.* at 11.

## II. SCREENING

Habeas Rule 4 states that a district court "must promptly examine" each petition and dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See Mayle v. Felix*, 545 U.S. 644, 656 (2005); *Hung Viet Vu v. Kirkland*, 363 F. App'x 439, 441–42 (9th Cir. 2010). This rule also applies to a habeas petition brought under 28 U.S.C. § 2241. *See* Habeas Rule 1(b) (providing that district courts may apply the Habeas Rules to habeas petitions that are not brought under 28 U.S.C. § 2254); *Lane v. Feather*, 584 F. App'x 843, 843 (9th Cir. 2014) ("[T]he district court did not err by applying Rule 4 of the Rules Governing Section 2254 Cases to the instant petition [brought under 28 U.S.C. § 2241]." (citation omitted)).

## III. DISCUSSION

**A.  Habeas Petitions Under 28 U.S.C. § 2241**

Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). A district court must "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

## B. Home Confinement

Lu alleges that he meets the criteria for home confinement under the CARES Act, ECF No. 1 at 4–5, but the BOP has not considered his eligibility in accordance with a BOP policy memorandum, *id.* at 6–7. Lu therefore asks the Court, among other things, to "[r]equire the Respondent to . . . [p]lace [him] on home confinement[.]" *Id.* at 11.

The BOP is vested with the authority to determine the location of an inmate's imprisonment. *See* 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment."); *United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011) ("Authority to determine place of confinement resides in the executive branch of government and is delegated to the Bureau of Prisons." (quotation marks and citation omitted)). District courts generally lack jurisdiction to review a placement designation made by the BOP. *See* 18 U.S.C. § 3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under [18 U.S.C. § 3621(b)] is not reviewable by any court." 18 U.S.C. § 3621(b); *Ahmad v. Jacquez*, 860 F. App'x 459, 461 (9th Cir. 2021) ("[P]ursuant to 18 U.S.C. § 3621(b), Congress stripped federal courts of jurisdiction to review the BOP's individual designations of an inmate's place of imprisonment.").

Regarding prerelease custody, 18 U.S.C. § 3624(c)(1) states that the BOP must, to the extent practicable, "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term . . . under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1); *see Bottinelli v. Salazar*, 929 F.3d 1196, 1200 (9th Cir. 2019).

The BOP may use its authority under 18 U.S.C. § 3624(c)(1) "to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2); *Bonneau v. Salazar*, 804 F. App'x 717, 718 (9th Cir. 2020). Section 3624(c)(2) further states that "[t]he Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph." 18 U.S.C. § 3624(c)(2).

"[W]hether to transfer an inmate to home confinement is a decision within the exclusive discretion of the BOP." *Washington v. Warden Canaan USP*, 858 F. App'x 35, 36 (3d Cir. 2021) (per curiam); *see also United States v. Mattice*, No. 20-3668, 2020 WL 7587155, at *2 (6th Cir. 2020) ("[T]he BOP has sole discretion to transfer an inmate to home confinement."); *Cruz v. Jenkins*, No. 20-CV-03891-LHK, 2020 WL 6822884, at *3 (N.D. Cal. Nov. 20, 2020)

(stating that 18 U.S.C. § 3624 "gives the BOP discretion over the location of confinement").

The CARES Act expanded the BOP's discretionary authority for placement in home confinement by allowing the BOP to "lengthen the maximum amount of time for which the [BOP] is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18 . . . as the [BOP] determines appropriate."  Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 516.

Even after the CARES Act, however, the decision to transfer an inmate to home confinement remains "within the discretion of the BOP, and is not within the purview of the District Court."  *United States v. Jefferson*, No. 21-2020, 2021 WL 4279626, at *3 (3d Cir. Sept. 21, 2021) (per curiam); *see also United States v. Pearson*, No. 21-10750, 2021 WL 4987940, at *1 n.1 (11th Cir. Oct. 27, 2021) (per curiam) ("[T]he district court lacked the authority to grant [federal prisoner] relief under [the First Step Act and the CARES Act] because they place home-confinement decisions exclusively within the discretion of the Attorney General and the Bureau of Prisons."); *Cruz*, 2020 WL 6822884, at *3 (stating that, even after the CARES Act, the BOP's placement determination "remains discretionary").

Here, to the extent Lu argues that the BOP should place him in home confinement pursuant to the CARES Act, *see* ECF No. 1 at 11, that claim is not

cognizable under 28 U.S.C. § 2241. As noted, *supra*, 18 U.S.C. § 3621(b) gives the BOP discretion over the location of an inmate's confinement, and the Ninth Circuit has concluded that this discretion may not be challenged via a Section 2241 petition. *See Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011) ("To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625.").

The CARES Act does not change this fact. *See Cruz*, 2020 WL 6822884, at *3 ("[P]etitioner cannot base a federal habeas petition on the CARES Act."); *see also Touzier v. U.S. Att'y Gen.*, No. 21-10761, 2021 WL 3829618, at *2 (11th Cir. Aug. 27, 2021) (per curiam) ("Neither § 3624(c)(2) nor the CARES Act expressly provide the judiciary with authority to grant an inmate home confinement[.]"); *Lustig v. Warden, FCI Lompoc*, No. CV 20-3708-SB (AGR), 2021 WL 1164493, at *2 (C.D. Cal. Jan. 4, 2021) ("The court does not have authority to order a transfer to home confinement under . . . the Cares Act via a § 2241 petition."), *report and recommendation adopted*, No. CV 20-3708-SB (AGR), 2021 WL 1164474 (C.D. Cal. Mar. 26, 2021); *Khouanmany v. Carvajal*, No. 20-CV-02858-LHK, 2021 WL 2186218, at *8 (N.D. Cal. May 28, 2021) ("Courts have consistently found that the CARES Act does not allow judges the authority to order home detention."); *Crum v. Blanckensee*, No. CV 20-3664-DOC (JEM), 2020 WL

3057799, at *2 (C.D. Cal. June 8, 2020) ("[T]his Court does not have jurisdiction to order a transfer to home confinement, under the CARES Act or otherwise.").

To the extent Lu argues that the BOP is somehow violating an agency memo or policy, ECF No. 1 at 4–7, that claim is also not cognizable under 28 U.S.C. § 2241.  *See Reeb*, 636 F.3d at 1227 ("A habeas claim cannot be sustained based solely upon the BOP's purported violation of its own program statement because noncompliance with a BOP program statement is not a violation of federal law."); *Velasquez v. Benov*, 518 F. App'x 555, 555–56 (9th Cir. 2013) (same); *see also Poole v. Lothrop*, No. CV-18-0187-PHX-GMS (DMF), 2019 WL 2028993, at *7 n.5 (D. Ariz. Feb. 26, 2019) ("The BOP's Program Statements do not give the warden an affirmative duty that is enforceable by a § 2241 petition."), *report and recommendation adopted*, No. CV-18-00187-PHX-GMS, 2019 WL 2027939 (D. Ariz. May 8, 2019); *Jones v. Gutierrez*, No. 5:21-cv-00655-JAK-KES, 2021 WL 2877458, at *9 (C.D. Cal. May 28, 2021) ("These memoranda are merely guidance to agency officials in exercising their discretionary power rather than substantive rules.") (ellipses, quotation marks and citation omitted), *report and recommendation adopted*, No. 5:21-cv-00655-JAK-KES, 2021 WL 2864867 (C.D. Cal. July 8, 2021).  The Petition is therefore DISMISSED without leave to amend.

## IV. CONCLUSION

(1) The Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus is DISMISSED without leave to amend.

(2) The Clerk is DIRECTED to enter judgment and close the file.

IT IS SO ORDERED.

DATED: April 4, 2022 at Honolulu, Hawaii.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**TI LU VS. ESTELLA DERR; CV 22-00114 LEK-RT; DISMISSAL ORDER**